IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ABRAHAM | § | |
| | § | |
| | § | CIVIL ACTION NO._____ |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| SPINNAKER INSURANCE COMPANY | § | On removal from the County Court at |
| | § | Law No. 6 of Montgomery County, |
| Defendant. | § | Texas, |
| | § | Cause No. 24-01-00362 |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, Defendant, Spinnaker Insurance Company ("Spinnaker"), files this Notice of Removal of this action from the County Court at Law No. 6 of Montgomery County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.[1]  In support of this removal, Spinnaker states as follows:

### INTRODUCTION

1. Spinnaker issued a Texas Homeowners' Insurance Policy to John Abraham ("Plaintiff"). (EXHIBIT B). Plaintiff owns the insured property, located at 8078 Hills Parkway, Houston, Texas 77070 ("the Property"). *Id*. Plaintiff alleged damage to the Property due to a severe storm on or about June 21, 2023. *Id*. Plaintiff alleges that he submitted a claim to Spinnaker against the policy for damages to the Property as a result of the storm. *Id*. Plaintiff now contends that Spinnaker has failed to pay out policy proceeds, and as a result, Spinnaker has breached the insurance agreement, violated provisions of the Texas Insurance Code, violated provisions of the

---

[1] Spinnaker files this Notice of Removal without waiver of any claims or defenses including, but not limited to, any objection to this Court's assertion of personal jurisdiction over Spinnaker in this matter. *See, e.g.*, *Alliantgroup, L.P. v. Feingold*, No. H-09-0479, 2009 WL 1109093, at *6 (S.D. Tex. April 24, 2009) (personal jurisdiction objection may be raised after removal).

1

Texas Deceptive Trade Practices Act, and breached the common law duty of good faith and fair dealing. *Id*. Plaintiff contends that under the Policy, he is entitled to insurance proceeds less than $250,000 excluding interest, statutory or punitive damages and penalties, attorneys' fees, and court costs. *Id*.

2. On January 8, 2024, Plaintiff filed suit in Montgomery County, Texas state court against Spinnaker seeking to recover these amounts under Cause No. 24-01-00362, styled *John Abraham v. Spinnaker Insurance Company*. *Id*. Plaintiff served Spinnaker's registered agent with the petition on or about January 19, 2024. (Exhibit C). On February 7, 2024, Spinnaker filed an answer and jury demand in state court. (EXHIBIT D).

3. This Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1332. Plaintiff resides in Texas, rendering him a citizen of the State of Texas, while Spinnaker is a citizen of the State of Illinois. (EXHIBIT E). Therefore, Plaintiff is diverse in citizenship from Spinnaker.

4. Regarding the amount in controversy, Plaintiff's petition seeks to recover less than $250,000.00 excluding interest, statutory or punitive damages and penalties, attorneys' fees, and court costs. (EXHIBIT B). Plaintiff's pre-suit demand letter states "[s]hould this matter proceed to litigation, we shall request the trier of fact to compensate Plaintiff $252,089.64 which represents the total amount in controversy." (EXHIBIT F). Plaintiff's petition seeks for $31,205.61 in actual damages and also seeks to recover three times actual damages, mental anguish damages, prompt payment penalties, pre-judgment interest, and attorneys' fees. (EXHIBIT B). If the alleged estimate for actual damages is trebled it would equate to $93,616.83. This amount would exceed the $75,000.00 threshold.

5.

**BASIS FOR REMOVAL**

6. Pursuant to 28 U.S.C. § 1332, this action could have been filed in this Court in that there is complete diversity of citizenship between Plaintiff and Spinnaker, and the amount in controversy exceeds the sum $75,000.00, exclusive of interest and costs.

**A.   Complete Diversity of Citizenship Exists.**

7. In his petition, Plaintiff alleges that he is a resident of Texas. (EXHIBIT B). Plaintiff acknowledges that Spinnaker is a foreign insurance company. *Id*. Spinnaker is an Illinois company authorized to engage in the insurance business in Texas, rendering it a citizen of the State of Illinois pursuant to 28 U.S.C. § 1332 (c)(1). (EXHIBIT E). Spinnaker's principal place of business is in Chicago, Illinois. *Id*.

**B.   Amount in Controversy is Satisfied.**

8. Plaintiff's Original Petition seek to recover less than $250,000.00 excluding interest, statutory or punitive damages and penalties, attorneys' fees, and court costs. (EXHIBIT B). Plaintiff's petition also alleges mental anguish damages, treble damages up to three times the actual and mental anguish damages, court costs, attorneys' fees, and prompt payment penalties. *Id*. Plaintiff's petition seeks actual damages of $31,205.61. *Id*. In the event a jury grants Plaintiff the relief he is seeking (i.e. – $31,205.61 in actual damages plus treble damages three times this amount ($93,616.83), prompt payment penalties and attorneys' fees), the amount in controversy will exceed $75,000. Additionally, Plaintiff's pre-suit demand was for $252,089.64, making the amount in controversy above $75,000. (EXHIBIT F).

**C.   All Other Requirements for Removal Have Been Satisfied.**

9. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of the date on which Spinnaker was served with the petition. (EXHIBIT C).

Through the filing of this Notice of Removal, Spinnaker expressly reserves, and does not waive, any defenses relating to service of process including, but not limited to, insufficient process or insufficient services of process. *See Padre Nterprises, Inc. v. Rhea*, 2012 WL 1072849, No. 4:11CV674, at *1 (E.D. Tex. Mar. 29, 2012) (defense of improper service is not waived through filing of notice of removal).

10. Spinnaker has sought no similar relief with respect to this matter.

11. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

12. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

13. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the District Clerk of Montgomery County, Texas.

14. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

15. In accordance with 28 U.S.C. § 1446, Spinnaker attaches the following documents as exhibits:

   i. Civil Cover Sheet;
   ii. Index of Matters Being Filed (EXHIBIT A);
   iii. Citation of Service on Spinnaker and Plaintiff's Original Petition (EXHIBIT B);
   iv. Docket Sheet (EXHIBIT C);
   v. Spinnaker's Original Answer and Jury Demand (EXHIBIT D);
   vi. Company Summary from the National Association of Insurance Commissioners (EXHIBIT E);

      vii.      Plaintiff's Pre-suit Demand Letter (EXHIBIT F); and

      viii.      List of counsel of record and parties represented (EXHIBIT G) (there have been no orders signed by the state court judge).

16.    The allegations of this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Southern District of Texas, and this cause is removable to the United States District Court for the Southern District of Texas.

17.    The undersigned represents Spinnaker in this matter.

18.    If any questions arise with regard to the propriety of the removal of this action, Spinnaker requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

Respectfully submitted,

**THE HUDGINS LAW FIRM, P.C.**

By:    /s/ *Steven F. Hudgins*
Steven F. Hudgins
Attorney in Charge
State Bar Number 00793993
24 Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone (713) 623-2550
Facsimile  (713) 623-2793
shudgins@hudgins-law.com

**ATTORNEYS FOR DEFENDANT,
SPINNAKER INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

Pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Southern District of Texas, I certify that service of Defendant's Notice of Removal on known Filing Users will be automatically accomplished through the Notice of Electronic Filing on February 16, 2024.

s/ *Steven F. Hudgins*
Steven F. Hudgins
